1

HONORABLE RONALD B. LEIGHTON

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

| DVORNEKOVIC et al., | CASE NO. C13-5812 RBL |
| | |
| Plaintiffs, | ORDER |
| | |
| v. | |
| | [Dkt. #s 11, 16, 17, 20, 31] |
| LOONEY et al., | |
| | |
| Defendants. | |

10

11

12

13

14

## I.    INTRODUCTION

15

THIS MATTER is before the Court on motions from all parties.  Plaintiffs Josip and

16

Eileen Dvornekovic (collectively "Dvornekovic") claim that their home was foreclosed on

17

unlawfully, and they bring a litany of claims against a number of defendants.  Dvornekovic's

18

primary claim is for quiet title to the property that they defaulted on and which was sold at

19

auction in August 2013, although they raise a number of other claims.  Dvornekovic brings

20

claims against the bank who loaned the money (Wells Fargo), the trustee who conducted the sale

21

(Chris Rebhuhn), and the purchaser of the property (William and Trudy Looney).  Dvornekovic

22

also brings claims against Jeff Sharp, a development engineer for Pierce County.  Each of the

23

defendants now seeks dismissal of the claims under Fed. R. Civ. P. 12(b)(6) either as barred by

24

1 | *res judicata*, on the merits, or both.  For the following reasons, all claims against all defendants

2 | are **DISMISSED WITH PREJUDICE**.

3 | **II.     DISCUSSION**

4 | **A.  Dvornekovic's Motion to Remand**

5 | First, Dvornekovic has demanded that the Court remand the case to state court, citing

6 | concern over the Court's role within the federal government.  Despite these many concerns,

7 | Dvornekovic's claims include numerous federal questions, giving the Court jurisdiction.  28

8 | U.S.C. § 1331.  Dvornekovic's motion is DENIED.

9 | **B.  Motions to Dismiss**

10 | Next, each defendant has brought a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

11 | Dismissal under Rule 12(b)(6) is appropriate if the complain does not "contain sufficient factual

12 | matter, accepted as true, 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,

13 | 556 U.S. 662, 678 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has

14 | "facial plausibility" when the party seeking relief "pleads factual content that allows the court to

15 | draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

16 | Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations

17 | of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion.

18 | *Vasquez v. L.A. County,* 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*,

19 | 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his

20 | 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

21 | the elements of a cause of action will not do.  Factual allegations must be enough to raise a right

22 | to relief above the speculative level." *Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote

23 |

24 |

1   omitted).  This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-

2   harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly* ).

3       Despite many lengthy court filings, Dvornekovic has failed to state a cognizable claim

4   against any of the defendants.  The quiet title claim, along with many others, are rooted in a

5   purported Land Patent issued by the United States government in 1870 and the Treaty of Oregon

6   of 1846, which Dvornekovic alleges makes foreclosure on the property illegal.  [Dkt. #1,

7   Complaint at ¶ 76, 122].  This simply is not the case.  The existence of a Land Patent is not a

8   sufficient legal authority upon which Dvornekovic may rest a claim to relief, *see Nixon v.*

9   *Individual Head of St. Joseph Mortg. Co., Inc.*, 612 F.Supp. 253 (N.D. Ind. 1985), and

10  Dvornekovic fails to state any basis as to why or how the Treaty could invalidate either the

11  foreclosure by Wells Fargo or the sale of the property to the Looneys.  Nor could Dvornekovic

12  ever state such a basis for quiet title.  The Washington Deed of Trust Act, RCW 61.24, *et seq.*,

13  restricts the claims borrowers can raise after the completion of a non-judicial foreclosure.

14  Because Dvornekovic failed to invoke any pre-sale remedy, Dvornekovic has waived the quiet

15  title claim and the claim to invalidate the sale.  *Brown v. Household Realty Corp.*, 146 Wn. App.

16  157, 170-71 (Wash. 2008); RCW 61.24.127.

17      None of Dvornekovic's myriad other claims has any merit.  The claims of fraud and

18  violation of the Washington Consumer Protection Act are not pled with any particularity and do

19  not state a claim. Fed. R. Civ. P. 9(b) ("[i]n alleging fraud or mistake, a party must state with

20  particularity the circumstances constituting fraud or mistake); *Hangman Ridge Training Stables,*

21  *Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986) (setting out elements of a CPA claim).

22  Their misapplication of the law claim against Defendant Jeff Sharp is based on the same faulty

23  land patent and treaty argument as above.  Sharp certainly is not *criminally liable* for sending a

24

ORDER - 3

1   letter to the Dvornekovics giving notice as to unpaid civil penalties owed to Pierce County, and

2   the audacious claim that he was "implying and acting as if petitioners are the state's slaves" has

3   not merit whatsoever.  [Dkt. #1, Complaint at ¶ 123].

4        This is also not the first time Dvornekovic has brought suit for wrongful foreclosure in

5   this Court.  In *Dvornekovic v. Wachovia Mortgage*, 10-cv-5028-RBL, ECF No.37, (W.D. Wash.

6   June 25, 2010), the Court dismissed nearly identical claims that Wachovia (now Wells Fargo)

7   did not have the authority to foreclose on this same property.  Subsequently, Wells Fargo

8   foreclosed on the home, and Regional Trustee Services sold the home at auction to the Looneys.

9   Dvornekovic now brings claims against the same parties, and has added Jeff Sharp and the

10  Looneys.  Many of the claims are barred by *res judicata*, and all are meritless.  The facts here are

11  simple: the Dvornekovics defaulted on their loan by not making any payments for five years,

12  they failed to cure that default, and the trustee sold the property at auction consistent with the

13  Note and Deed of Trust and at the behest of the very entity the Court has already ruled had the

14  authority to foreclose.  None of the many theories alleged by Dvornekovic changes these facts,

15  and nothing alleged in the complaint shows a wrongful foreclosure or otherwise.  All Motions to

16  Dismiss are GRANTED.

17  //

18  //

19

20

21

22

23

24

ORDER - 4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

### III.     CONCLUSION

Dvornekovic's Demand to Remand to State Court [Dkt. #20] is **DENIED**.  Sharp's

Motion to Dismiss [Dkt. #11] is **GRANTED**.    Wells Fargo's Motion to Dismiss [Dkt. #16] is

**GRANTED**.  Looneys' Motion to Dismiss [Dkt. #17] is **GRANTED**.  Rebhuhns' Motion to

Dismiss [Dkt. #31] is **GRANTED**.  Dvornekovic's claims against all defendants are

**DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

Dated this 12th day of December, 2013.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE